UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:07-CR-32 (VARLAN/GUYTON) |
| DOUGLAS V. WHISNANT, | ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

The defendant, Douglas V. Whisnant ("Defendant"), is charged with one count of being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1). Defendant filed a motion to suppress [Doc. 15] all evidence obtained as a result of a search of Defendant's home ("Premises") on or about March 9, 2007, on the grounds that the police unreasonably expanded the scope of their search beyond what was contemplated in the warrant by destroying several interior walls of the Premises in order to search inside those walls. Following an evidentiary hearing on the motion to suppress on May 29, 2007, Magistrate Judge H. Bruce Guyton filed a report and recommendation ("R&R") [Doc. 20] in which he recommended that the motion to suppress be denied. This matter is before the Court on Defendant's objections [Doc. 21] to the R&R.

As required by 28 U.S.C. § 636(b)(1), the Court has undertaken a *de novo* review of those portions of the R&R to which Defendant has objected. In doing so, the Court has carefully considered Judge Guyton's R&R, the underlying briefs [Docs. 15, 16], and Defendant's brief regarding the pending objections [Docs. 21]. The government has not

responded to Defendant's objections and the time for doing so has passed. *See* L.R. 7.1(a), 7.2. For the reasons set forth herein, the Court will overrule Defendant's objections and the motion to suppress will be denied.

I. **Seizure of the Interior Walls**

Defendant's first objection is that Judge Guyton failed to address Defendant's argument that, by cutting holes in the interior walls of the Premises, the police effectively seized those walls, thereby exceeding the scope of warrant and rendering the entire search unreasonable. Defendant relies on *Bonds v. Cox*, 20 F.3d 697 (6th Cir. 1994), in support of his claim. Defendant also contends that the government has not met its burden of justifying the seizure of the walls.

In addressing the boundaries imposed upon law enforcement by the Fourth Amendment, the Sixth Circuit has held that:

> [w]hen a search requires a warrant, the failure to satisfy the Warrant Clause makes the search "presumptively," if not per se, "unreasonable." The opposite, however, is neither presumptively nor absolutely true. Even when officers have complied with the Warrant Clause in obtaining authorization for a search, that does not insulate the search from challenge. While a warrant may circumscribe an officer's authority, that does not mean the officer adhered to that limitation and does not mean that what started as a particularized search did not become a general one. To satisfy the Reasonableness Clause, officers not only must obtain a valid warrant but they also must conduct the search in a reasonable manner. "The general touchstone of reasonableness which governs Fourth Amendment analysis governs the method of execution of the warrant. . . ." In answering the fundamental inquiry of whether this search was reasonable, we of course look at "the totality of the circumstances."

2

*Baranski v. Fifteen Unknown Agents of the BATF*, 452 F.3d 433, 445 (6th Cir. 2006) (citations omitted). In addition, the United States Supreme Court has recognized that destruction of property during the execution of a lawful warrant may violate the Fourth Amendment if "excessive or unnecessary." *United States v. Ramirez*, 523 U.S. 65, 71 (1998). The Ninth Circuit similarly recognized that unreasonable property damage can render an otherwise lawful search unreasonable in the case of *United States v. Becker*, 929 F.2d 442 (9th Cir. 1991), the case Judge Guyton relied on in support of his R&R.

The Defendant is correct that Judge Guyton did not directly address Defendant's argument based on *Bonds*. However, Judge Guyton's analysis does correctly address the issue raised by *Bonds*. *Bonds* stands for the proposition that the government can be held responsible for damage caused during the execution of a search warrant because the government, by destroying an individual's property, effectively seizes that property, which can be a violation of the Fourth Amendment. *See Bonds*, 20 F.3d at 702 ("we conclude that Bonds may assert her property damage claim under the Fourth Amendment"). Accordingly, *Bonds*, *Becker*, and *Ramirez* all stand for a similar principle: destruction of an individual's property during the execution of a search warrant triggers a Fourth Amendment analysis. Judge Guyton engaged in this analysis and found that the police in the instant case did not act unreasonably in the execution of their search. [Doc. 20 at 8-10.] The Court agrees with Judge Guyton's analysis.

As Judge Guyton noted, the search in question was executed under the auspices of a warrant which covered "the entire premises, woods, fields, and curtilage, the residence and

all out buildings and all vehicles and equipment." [Doc. 16, Attachment 2 at 19.] As the warrant did not specifically allow the executing officers to cut holes in the interior walls of the Premises, the Court must engage in a "totality of the circumstances" reasonableness analysis to determine whether the police erred in the execution of the warrant and violated the Fourth Amendment. *Baranski*, 452 F.3d at 445 ("The general touchstone of reasonableness which governs Fourth Amendment analysis governs the method of execution of the warrant. . . . In answering the fundamental inquiry of whether this search was reasonable, we of course look at 'the totality of the circumstances.'").

While executing the search, the police came across a piece of framed artwork ("Artwork") mounted on a wall in the Premises. Photographs of the Artwork were admitted into evidence during the May 29, 2007, suppression hearing. [Defendant's Collective Exhibit Five.] The photographs reveal that the area behind the Artwork had been painted in a manner that can be described as haphazard, at best. The wall the Artwork was mounted on appears to have a solid, professional looking coat of paint, but the area immediately surrounding and behind the Artwork had been painted with what were described in the R&R as "fast brush strokes." The difference between the workmanship of the area immediately surrounding the Artwork and the remainder of the wall is striking, and certainly is sufficient to cause a reasonable police officer to believe that something might be hidden behind that portion of the wall.

Additionally, Detective Anderson testified at the hearing that the Artwork was the only piece of mounted art in the entire Premises. [Doc. 20 at 3.] Detective Anderson also

noted that the Artwork was mounted in an unusual manner, it had been attached to the wall with four screws rather than hung on the wall. [*Id.*] Accordingly, based upon the totality of the circumstances, the Court finds that it was reasonable for the police to believe that something might be hidden in the wall behind the Artwork. The Court further finds that it was reasonable, and permissible, for the police to cut a hole in the wall behind the Artwork while executing the search warrant. It is true that, under *Bonds*, the police may have effectively seized the wall by cutting holes in it, but that seizure was not unreasonable under the totality of the circumstances and did not violate the Fourth Amendment.

Defendant also argues that the fact that the police cut holes into multiple walls of the Premises shows that they were acting at random, and had no reasonable basis for the property damage they caused. However, as the Court noted above, there was a reasonable basis for searching the wall behind the Artwork, and it was from within the wall behind the Artwork that all of the evidence was seized. Even if the police did err by randomly cutting out two other holes in the walls of the Premises, there is no indication that evidence was seized from those other holes, so there would be nothing for the Court to suppress from those potentially unreasonable searches.

Defendant also argues that the fact that no evidence was logged between 5:30 p.m. and 9:00 p.m. is further evidence that the police were randomly destroying walls in a desperate effort to find more evidence. However, Detective Anderson testified that it was during this period that the police were cutting the hole in the wall behind the Artwork and attempting to safely remove the explosives and weapons from behind the wall. [Doc. 20 at

3.] Given that explosives were found within the wall, and given Detective Anderson's testimony that the executing officers were concerned about possible booby traps within the walls, resulting in the Premises being evacuated multiple times, the Court does not find the delay in recovering the evidence and recording it on the evidence log unreasonable. The Defendant's first objection is **OVERRULED**.

II.     **Credibility of Detective Anderson**

Defendant next objects to Judge Guyton's failure to find that Detective Anderson was not a credible witness. Defendant contends that Detective Anderson's testimony was completely incredible and contained multiple inconsistencies, including: Detective Anderson first identified three factors[1] for his suspicion that there might be something hidden in the wall behind the Artwork, but added a fourth factor on cross examination: the presence of sheet rock cut-outs on the back porch of the Premises; Detective Anderson's own testimony that the times noted on the evidence log from the search might not be reliable, because evidence was not always logged at the same time that it was found; and the fact that Detective Anderson was not the individual who recovered every piece of evidence, and in fact the Detective could not remember one piece of evidence noted on the log actually being recovered, even though the evidence log identified Detective Anderson as the recovering officer.

---

[1]The three factors identified by Defendant are: (1) the discoloration of the paint on the wall; (2) the fact that the Artwork was screwed onto the wall; and (3) the presence of sheet rock dust on the fireplace poker. [Doc. 21 at 5.]

The Court has already noted that the paint surrounding the Artwork was sufficient to raise the suspicion of a reasonable officer, so the Court does not find the fact that Detective Anderson identified a fourth reason for his suspicion on cross examination indicative of a lack of credibility. The Court has also already noted that there was a concern over the possibility of booby traps within the wall, which resulted in the Premises being evacuated multiple times. In light of the perceived threat to all of the officers, and the delays caused by the officers' efforts to safely remove the explosives from the wall, it was not unreasonable that every piece of evidence recovered was not immediately logged, or that some of the other officers present might have recovered evidence. Certainly, accuracy is always to be valued, but the fact that the executing officers' lives could be at risk because of explosives hidden in the wall is sufficient to excuse some minor confusion and technical errors. Defendant's second objection is **OVERRULED**.

### III. Conclusion

For the reasons set forth herein, the Court **ACCEPTS IN WHOLE** the Report and Recommendation of Judge Guyton, Defendants objections [Doc. 21] to the Report and Recommendation are **OVERRULED**, and Defendant's motion to suppress [Doc. 15] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE