UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 3:07-CR-032 |
| | ) | (VARLAN/GUYTON) |
| DOUGLAS WHISNANT, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court for consideration of the defendant's Motion to Dismiss [Doc. 57], filed on July 25, 2008. This matter was heard by the Court on August 19, 2008. Assistant United States Attorney J. Edgar Schmutzer was present, representing the government. R. Alexander Brown was present, representing the defendant, Douglas Whisnant, who was also present.

**I. BACKGROUND**

In his Motion to Dismiss [Doc. 57], the Defendant asks the Court to dismiss the counts of the Indictment [Doc. 54] charging him with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). At the hearing the Defendant orally moved to revise the Motion to Dismiss to include a request to dismiss Count Two of the Indictment, knowingly possessing a firearm not registered to him in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871.

Based upon the United States Supreme Court's recent decision in *Dist. of Columbia v. Heller*, 544 U.S. ___, 128 S. Ct. 2783 (2008), the Defendant presents two arguments in support of his motion. First, the Defendant argues that his "individual right [to] self-protection and self-preservation," as recognized in *Heller*, is superior to the federal statutes relied upon in his indictment because the statutes are based upon Congress's power to control interstate commerce. [Doc. 58 at 2.] Essentially, the Defendant contends that under *Heller* he has a right to possess firearms in his home notwithstanding 18 U.S.C. §§ 922(g)(1) and 924(e) and 26 U.S.C. §§ 5841, 5861(d), and 5871. [Doc. 58 at 2.] The Defendant also argues that the statutes under which he is charged are "overbroad and vague because [they do] not clearly state which particular rights are being prohibited." [Doc. 58 at 2.]

The Government responds that the Court in *Heller* did not extend the individual right to bear arms to felons. [Doc. 61 at 1.] The Government also argues that the individual right to bear arms recognized in *Heller* extends only to weapons in common use at the time and not to weapons that are not typically possessed by law-abiding citizens for lawful purposes. [Doc. 61 at 1.]

**II.     INDICTMENT AND FEDERAL LAW**

The Indictment provides:

COUNT 1

The Grand Jury charges that on or about March 9, 2007, in the Eastern District of Tennessee, the defendant, DOUGLAS V. WHISNANT, having previously been convicted in a court of crimes punishable by terms of imprisonment exceeding one year, did knowingly possess, in and affecting commerce, firearms and ammunition. [Title 18, United States Code, Section 922(g)(1) and 924(e).]

2

COUNT 2

The Grand Jury further charges that on or about March 9, 2007, in the Eastern District of Tennessee, the defendant, DOUGLAS V. WHISNANT, knowingly possessed a firearm, that is, a Sten machine gun, not registered to him in the National Firearms Registration and Transfer Record. [Title 26, United States Code, Sections 5841, 5861(d), and 5871.]

[Doc. 1].

In relevant part, 18 U.S.C. § 922(g) provides:

> It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Section 924(e)(1) provides that if a person who violates 18 U.S.C. § 922(g) has three previous convictions for violent felonies or serious drug offenses, or both, committed on different occasions, "such person shall be fined ... and imprisoned not less than fifteen years, and notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g)." Section 924(e)(2) defines the terms "serious drug offense," "violent felony," and "conviction."

Title 26, United States Code, Section 5841 contains the general guidelines for the National Firearms Registration and Transfer Record. In relevant part, 26 U.S.C. § 5861(d) provides, "It shall be unlawful for any person to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record ... ." Title 26, United States Code, Section 5871 states, "Any person who violates or fails to comply with any provision of this chapter shall, upon conviction, be fined not more than $10,000, or be imprisoned not more than ten years, or both."

3

### III.     APPLICATION OF *HELLER*

As to the Plaintiff's first argument, the Court in *Heller* explicitly stated that prohibitions against felons possessing firearms would be unaffected by the decision. The court explained:

> [N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

*Heller*, 128 S. Ct. at 2816-17. The Defendant contends that this statement was dicta and that the issue of a felon in possession in his home remains undecided. The Court finds the Defendant's characterization of this language unconvincing. The Court agrees with other courts that this explicit limitation on the holding in *Heller* cannot be summarily dismissed. *See United States v. Robinson*, 2008 WL 2937742, at *2 (E.D. Wis. 2008).

This Court recently addressed the validity of Section 922(g) notwithstanding *Heller* and stated:

> Given that the limited holding of *Heller* does not extend to 18 U.S.C. 922(g), the "longstanding prohibition on the possession of firearms by felons" remains valid. As the Eighth Circuit recently summarized, section 922(g) is valid because:
>
> Congress did not exceed its authority or violate the Commerce Clause when it enacted section 922(g). *See United States v. Hill*, 386 F.3d 855, 859 (8th Cir. 2004); *United States v. Shepherd*, 284 F.3d 965, 969 (8th Cir. 2002). [G]eneral federal criminal laws like section 922(g) apply nationwide. *See Lewis v. United States*, 523 U.S. 155, 171, 118 S. Ct. 1135, 140 L. Ed. 2d. 271 (1998). Last, the required nexus between a firearm and commerce is established by showing that the firearm at one time traveled in interstate commerce. *See United States v. Leathers*, 354 F.3d 955, 959 (8th Cir. 2004).
>
> *United States v. Irish*, No. 06-4082, 2008 WL 2917818, at *1 (8th

4

> Cir. July 31, 2008) (per curiam) (citing *Heller* for holding that "the Second Amendment does not bar laws prohibiting felons from possessing firearms"); *see also, e.g.*, *United States v. Chesney*, 86 F.3d 564, 570-72 (6th Cir. 1996) ("[A] firearm that has been transported at any time in interstate commerce has a sufficient effect on commerce to allow Congress to regulate the possession of that firearm pursuant to its Commerce Clause powers.... Congress constitutionally may prohibit the possession by a felon of a firearm ....").
>
> Defendant is but one of many convicted felons across the nation seeking to dismiss an indictment charging a violation of 18 U.S.C. § 922(g) or invalidate a conviction thereof in the wake of *Heller*'s holding. Yet every court faced with such an argument has squarely found that § 922(g) remains valid post-*Heller*, particularly given the Court's explicit affirmation that its holding does not affect § 922(g)'s validity. *Irish*, 2008 WL 2917818; *United States v. Gilbert*, No. 07-30153, 2008 WL 2740453 (9th Cir. July 15, 2008) ("Under *Heller* ... convicted felons ... do not have the right to possess any firearms."); *Reynolds v. Sherrod*, No. 08-CV-506-JPG, 2008 WL 3287042 (S.D. Ill. Aug. 8, 2008); *United States v. Henry*, No. 08-20095, 2008 WL 3285842 (E.D. Mich. Aug. 7, 2008); *United States v. Woodington*, No. 07-CR-222, 2008 WL 2915420 (E.D. Wis. July 25, 2008) (magistrate judge's opinion ordering denial of defendant's motion to dismiss as untimely and alternatively recommending denial, as *Heller* does not invalidate § 922(g)); *United States v. Robinson*, No. 07-CR-202, 2008 WL 2937742 (E.D. Wis. July 23, 2008); *see also United States v. Kitsch*, No. 03-594-01, 2008 WL 2971548, at *7 (E.D. Pa. Aug. 1, 2008) (citing *Heller* with approval of validity of § 922(g) but holding that post-*Heller*, in "unusual, perhaps unique, factual scenario" where defendants "for whatever reason, reasonably believe that they are not felons within the statutory definition" government must prove that defendant knew he had a prior felony conviction).

*United States v. Reagan*, 3:07-CR-98 (E.D. Tenn., Phillips, J., August 15, 2008). Based on the Supreme Court's explicit exception of felons in possession, this Court agrees with the position of the aforementioned courts and holds that *Heller* does not invalidate 18 U.S.C. §§ 922(g) or 924(e).

Although the Defendant revised his motion to include dismissing all of the counts against him, he has not articulated an argument as to how Count Two, failure to register, was affected by

5

*Heller*. The Court finds no basis for dismissing the registration count under 26 U.S.C. §§ 5841, 5861(d), and 5871. The respondent in *Heller* conceded that he did not have a problem with the District of Columbia's licensing requirements, which he admitted were permissible so long as they were not enforced in an arbitrary and capricious manner. 128 S. Ct. at 2819. As a result, the Court did not address licensing requirements. *Id*. The Court, in summarizing the decision, stated:

> In sum, we hold that the District's ban on handgun possession in the home violates the Second Amendment, as does its prohibition against rendering any lawful firearm in the home operable for the purpose of immediate self-defense. Assuming that Heller is not disqualified from the exercise of Second Amendment rights, the District must *permit him to register his handgun* and must issue him a license to carry it in the home.

*Id*. at 2821-22 (emphasis added). As this statement indicates, the *Heller* decision had no affect on registration requirements for firearms, and the Court continues to recognize the constitutionality of such provisions. Thus, there are no grounds for dismissing Count Two based upon the Court's interpretation of the Second Amendment in *Heller*.

The Defendant's contention that the decision in *Heller* makes the statutes under which he is charged overbroad and vague also fails. "The vagueness doctrine has two primary goals: (1) to ensure fair notice to the citizenry and (2) to provide standards for enforcement by police, judges, and juries." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 551 (6th. Cir. 2007). The Supreme Court has stated that "[a] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential due process of law." *Id.* (quoting *Connally v. Gen. Constr. Co.*, 269 U.S. 385, 391 (1925)). As to overbreadth, the overbreadth doctrine is "an exception to traditional rules of standing and is applicable only in First Amendment cases in order

6

to ensure that an overbroad statute does not act to 'chill' the exercise of rights guaranteed protection." *Leonardson v. City of East Lansing*, 896 F.2d 190, 195 (6th. Cir. 1990) (citing *NAACP v. Button*, 371 U.S. 415, 433 (1963)).

None of the statutes under which the Defendant is charged are vague. Persons of ordinary intelligence would not have to guess at the meaning of 18 U.S.C. §§ 922(g) and 924(e) or 26 U.S.C. §§ 5841, 5861(d), and 5871 nor would persons of ordinary intelligence differ as to their application. The statutes, as written, give fair notice and provide standards for enforcement, and as discussed above, the Supreme Court's decision in *Heller* has not made either the prohibition against felons possessing firearms or the requirement that firearms be registered unconstitutional. Finally, none of the statutes in question pertain to the First Amendment and the Defendant's standing is not at issue. Thus, the overbreadth doctrine does not apply to any of the statutes or counts in question.

**IV.    MOTION TO DISMISS STANDARD AND ANALYSIS**

To survive a motion to dismiss, an indictment must reasonably be construed to charge a crime. *United States v. Gatewood*, 173 F.3d 983, 988 (6th. Cir. 1999) (citing to *United States v. Hart*, 640 F.2d 856, 857-58 (6th Cir. 1981)). "It is axiomatic that, '[t]o be legally sufficient, the indictment must assert facts which in law constitute an offense; and which, if proved, would establish prima facie the defendant's commission of that crime.'" *United States v. Landham*, 251 F.3d 1072, 1079 (6th. Cir. 2001) (quoting *United States v. Superior Growers Supply, Inc*., 982 F.2d 173, 177 (6th Cir.1992)). Whether an offense has been adequately alleged is a legal question. *Landham*, 251 F.3d at 1080.

The Supreme Court's decision in *Heller* did not invalidate the statutes under which the Defendant has been indicted– 18 U.S.C. §§ 922(g) and 924(e) and 26 U.S.C. §§ 5841, 5861(d), and

7

5871. Nor did the decision make the statutes unconstitutionally vague. The indictments are legally sufficient, in that they include each element of the alleged offenses. Accordingly, Defendant's Motion to Dismiss [Doc. 57] fails.

## V. CONCLUSION

Based upon the foregoing, it is hereby **RECOMMENDED** that Defendant's Motion to Dismiss the Indictment [Doc. 57] be **DENIED**.[1]

Respectfully submitted,

    s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *United States v. Branch*, ___ F.3d ___, 2008 WL 3288304, at *3 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).