UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:07-CR-32 |
| | ) | (VARLAN/GUYTON) |
| DOUGLAS WHISNANT, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

The defendant, Douglas Whisnant ("Defendant"), is charged with one count of being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and with one count of possessing a firearm, a Sten machine gun, not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. [*See* Doc. 54.] Defendant filed a motion to dismiss the counts against him as unconstitutional along with a supporting memorandum. [Docs. 57, 58.] The Government filed response in opposition to Defendant's motion. [Doc. 61.]

On August 19, 2008, Magistrate Judge H. Bruce Guyton heard argument on the motion to dismiss. [*See* Doc. 62.] On August 21, 2008, Magistrate Judge Guyton filed a report and recommendation ("R&R") [Doc. 63], in which he recommended that the motion to dismiss be denied. This matter is now before the Court on Defendant's objections to the R&R. [Doc. 65.]

**I.     STANDARD OF REVIEW**

As required by 28 U.S.C. § 636(b)(1), the Court has undertaken a *de novo* review of those portions of the R&R to which Defendant has objected. In doing so, the Court has carefully considered Magistrate Judge Guyton's R&R [Doc. 63], the underlying briefs and associated filings [Docs. 57, 58, 61], and the parties' filings regarding the pending objections. [Doc. 65.] For the reasons set forth herein, the Court will overrule Defendant's objections, and the motion to dismiss will be denied.

**II.    ANALYSIS**

    **A.     Objection 1: That the Magistrate Judge found that the Supreme Court's decision in *Heller* did not establish a personal right to possess firearms in the home which would invalidate 18 U.S.C. §§ 922(g) or 924(e).**

Under Count One of the superseding indictment, Defendant is charged with "having previously been convicted in a court of crimes punishable by terms of imprisonment exceeding one year, did knowingly possess, in and effecting commerce, firearms and ammunition," in violation of 18 U.S.C. §§ 922(g)(1), 924(e). [Doc. 54.] Thus, Defendant is charged under statutes that prohibit the possession of firearms by felons. While Defendant contends that *District of Columbia v. Heller*, 128 S. Ct. 2783, 2816 (2008), invalidates 18 U.S.C. §§ 922(g) and 924(e), the limitations on firearm possession discussed in the *Heller* decision undermine Defendant's argument.

While *Heller* recognized the individual right to keep and bear arms, the Supreme Court emphasized that "the right secured by the Second Amendment is not unlimited." *Id.* In particular, the Supreme Court expressly stated that "nothing in our opinion should be taken

2

to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill." *Id.* at 2816-17. "Based on the Supreme Court's explicit exception of felons in possession," Magistrate Judge Guyton concluded that "*Heller* does not invalidate 18 U.S.C. §§ 922(g) or 924(e)." [Doc. 63 at 5.] The Court agrees. The *Heller* decision expressly recognizes that felon in possession laws are valid limitations to the Second Amendment, and the *Heller* decision does not change the constitutionality of the statutes that Defendant challenges in his motion to dismiss. The same conclusion has been reached by other federal courts presented with similar arguments regarding *Heller's* impact on felon in possession of firearms statutes. *See, e.g., United States v. Irish*, No. 06-4082, 2008 WL 2917818, at *1 (8th Cir. July 31, 2008); *United States v. Gilbert*, No. 07-30153, 2008 WL 2740453, at *2 (9th Cir. July 15, 2008); *United States v. Burris*, Criminal No. 1:07CR76, 2008 WL 4000635, at *2 (W.D.N.C. Aug. 26, 2008); *United States v. Henry*, No. 08-20095, 2008 WL 3285842, at *1 (E.D. Mich. Aug. 7, 2008); *United States v. Robinson*, No. 07-CR-202, 2008 WL 2937742, at *2 (E.D. Wis. July 23, 2008). Accordingly, the Court reaches the same conclusion as Magistrate Judge Guyton on this issue, and Defendant's objection is **OVERRULED**.

> B. <u>**Objection 2: That the Magistrate Judge found that there was no basis to dismiss the registration count under 26 U.S.C. §§ 5841, 5861(d) and 5871, where it is clear that because of 18 U.S.C. §§ 922(g) or 924(e) Mr. Whisnant was prohibited from complying with the requirements of §§ 5841, 5861(d) and 5871**</u>

> **Objection 3:** That the Magistrate Judge found that ". . .the *Heller* decision had no affect on registration requirements for firearms, and the Court continues to recognize the constitutionality of such provisions. Thus there are no grounds for dismissing Count Two based upon the Court's interpretation of the Second Amendment in *Heller*." When in fact the holding in *Heller* required the Government to allow individuals to register their firearms.[1]

In the R&R, Magistrate Judge Guyton found "no basis for dismissing the registration court under 26 U.S.C. §§ 5841, 5861(d), and 5871" because the Supreme Court did not address licensing requirements in *Heller*, 128 S. Ct. at 2821-22. Thus, Magistrate Judge Guyton concluded that the constitutionality of these statues remained intact after the *Heller* decision. Defendant contends that the *Heller* decision requires the Government to allow individuals to register their firearms. Thus, he argues that Magistrate Judge Guyton erred in concluding that *Heller* had no effect on the registration requirements for firearms.

In *Heller*, the District of Columbia prohibited the possession of handguns by making it a crime to carry an unregistered firearm and prohibiting the registration of handguns. *Id.* at 2788. The Supreme Court struck down the District of Columbia's prohibition on the registration of handguns as unconstitutional under the Second Amendment. Thus, Defendant's argument attempts to analogize the District of Columbia's prohibition on the registration of handguns to the federal felon in possession laws. Under Defendant's reasoning, the felon in possession laws should be invalidated like the District of Columbia's

---

[1]Defendant's Objections 2 and 3 relate to the issue of the *Heller* decision's impact on federal firearm registration laws, so the Court will address these objections together.

4

prohibition on registering handguns, and he must be permitted to register his firearms despite being a felon.

The problem with Defendant's argument is that, as more fully discussed above, the Supreme Court continues to recognize the validity of prohibitions regarding felons in possession of firearms after *Heller*. *Id.* at 2816-17 (stating that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill.") In other words, such individuals would be "disqualified" from the exercise of Second Amendment rights. In discussing registration requirements, the Supreme Court stated:

> In sum, we hold that the District's ban on handgun possession in the home violates the Second Amendment, as does its prohibition against rendering any lawful firearm in the home operable for the purpose of immediate self-defense. Assuming that *Heller* is not disqualified from the exercise of Second Amendment rights, the District must permit him to register his handgun and must issue him a license to carry it in the home.

*Heller*, 128 S. Ct. at 2821-22. Thus, the Supreme Court's decision does not contemplate unfettered registration of firearms and, instead, expressly recognized that "disqualified" individuals, such as felons, would be subject to limitations on the possession and registration of firearms. Thus, as determined by Magistrate Judge Guyton, the *Heller* decision does not change the registration laws as they may be applicable to "disqualified" individuals, like felons. Accordingly, Defendant's third objection is **OVERRULED**.

    **C.**    **Objection 4: That the Magistrate Judge found that the statute was not vague. In light of the recent Supreme Court decision the statute fails to enumerate which specific right protected by the Second Amendment is to be taken away from individuals with a prior felony.**

5

> **Objection 6:** That the Magistrate Judge found that "None of the statutes under which the Defendant is charged are vague." Despite the Defendant's position that taking Heller into consideration the statue is not clear as to its application, because Heller requires that an individual's right not be impeded and further requires that an individual be allowed to register a firearm where required, therefore not giving clear notice to an individual of their right nor providing standards for enforcement.
>
> **Objection 8:** That the Magistrate Judge found that the Supreme Court's decision in Heller did not make the statutes unconstitutionally vague.[2]

Defendant next argues that 26 U.S.C. §§ 5841, 5861(d), and 5871 and 18 U.S.C. §§ 922(g) and 924(e) are unconstitutionally vague. For determining the vagueness in a criminal statute, the standard is "if it defines an offense in such a way that ordinary people cannot understand what is prohibited or if it encourages arbitrary or discriminatory enforcement." *United States v. Carter*, 465 F.3d 658, 664 (6th Cir. 2006) (citations omitted).

While Defendant contends that the statutes fail to enumerate which specific rights protected by the Second Amendment are to be taken away from individuals with a prior felony, this argument is undermined by the Supreme Court's express recognition that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill." *Id.* at 2816-17. Through this statement, the Supreme Court has recognized the sufficient notice provided by these "longstanding prohibitions" that are not unconstitutionally vague. *Id.* Furthermore, this Court's review of the statutes reveals no risk of ordinary people not understanding what is

---

[2]Defendant's Objections 4, 6, and 8 all relate to the issue of "vagueness," so the Court will address these objections together.

prohibited nor any encouragement of arbitrary or discriminatory enforcement. Accordingly, Defendant's objection is **OVERRULED**.

> **D.** **Objection 5: That the Magistrate Judge found that the overbreadth doctrine only applies to First Amendment cases where the overbroad statue may inhibit the exercise of rights guaranteed protection. The rights to possess firearms are clearly a protected individual right which holds the same nexus of protection as the First Amendment.**

While Defendant argues that the overbreadth doctrine has application outside of the First Amendment context, the Court finds, like Magistrate Judge Guyton, relevant law reaching the opposite conclusion:

> Neither the Supreme Court nor this court has applied the overbreadth doctrine when the First Amendment was not implicated. *See United States v. Salerno,* 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) ("We have not recognized an overbreadth doctrine outside the limited context of the First Amendment"); *Schall v. Martin,* 467 U.S. 253, 268 & n. 18, 104 S.Ct. 2403, 81 L.Ed.2d 207 (1984) ("Outside the limited First Amendment context, a criminal statute may not be attacked as overbroad."); *Grendell v. Ohio Supreme Court,* 252 F.3d 828, 834 (6th Cir.2001) ("It is well-settled that facial constitutional challenges relying on the overbreadth doctrine, and the resultant chilling effect such overbreadth has on speech, are limited to the First Amendment sphere.").

*Coleman v. DeWitt*, 282 F.3d 908, 914 (6th Cir. 2002). Thus, relevant authority has recognized the limited application of the overbreadth doctrine to the First Amendment.

Outside the First Amendment context, courts will only uphold a facial challenge to a statute if the challenging party can demonstrate that there is no constitutional application of the statute. *Coleman*, 282 F.3d at 914 (citing United *States v. Salerno,* 481 U.S. 739, 745-46, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987); *Reno v. Flores,* 507 U.S. 292, 301, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993) ("To prevail on such a facial challenge, the [challenging party]

7

'must establish that no set of circumstances exists under which the [statute] would be valid.'")). As more fully discussed above, the Supreme Court has recognized the validity of felon in possession laws and, thus, firearm registration laws as they may be applicable to felons. Thus, Defendant has not met his burden of establishing no set of circumstances under which the statutes he challenge would be valid. Accordingly, Defendant's objection is **OVERRULED**.

### E. <u>Objection 7</u>: That the Magistrate Judge found that the Supreme Court's decision in Heller did not invalidate the statutes.

This objection is a cumulation of Defendant's previous objections. Accordingly, the Court incorporates its analysis above, and Defendant's objection is **OVERRULED**.

### F. <u>Objection 9</u>: That the Magistrate Judge found that the Defendant's Motion to Dismiss failed.

This objection is a cumulation of Defendant's previous objections. Accordingly, the Court incorporates its analysis above, and Defendant's objection is **OVERRULED**.

## III. CONCLUSION

For the reasons set forth herein, the Court **ACCEPTS IN WHOLE** the Report and Recommendation [Doc. 63] of Magistrate Judge H. Bruce Guyton, and Defendant's motion to dismiss [Doc. 57] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
