UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:07-CR-32-TAV-HBG ) |
| DOUGLAS V. WHISNANT, | ) ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on the defendant's *pro se* Motion to Amend and Consolidate Sentences with Pretrial Credits [Doc. 129]. The defendant is currently in the custody of the State of Tennessee, serving a fifteen-year sentence for second-degree murder. The Scott County Criminal Court imposed this sentence to run concurrently with the defendant's previously imposed 300-month sentence in this case for being a felon in possession of unregistered firearms [*Id.* at 4; Doc. 81]. After providing various details as to the timing of his federal and state convictions, the defendant "asks this [C]ourt to amend and consolidate [his] federal sentence to also start and run concurrently with that of his state sentence by ordering it to begin either on 3/9/07 or 3/17/07[,] which would give him all pretrial credits and time already served toward [his] federal sentence" [Doc. 129 p. 2]. The defendant asserts that the state court intended for this to be the case "but failed to order him back into proper federal custody, as promised" [*Id.*]. The government has responded in opposition to the defendant's motion [Doc. 132].

After carefully considering the matter, the Court finds that it cannot provide the defendant the relief he seeks. First, to the extent the defendant is asking the Court to modify his sentence in this case, the Court notes that federal courts "may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009); *see also United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010) ("[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute."); *United States v. Houston*, 529 F.3d 743, 748 (6th Cir. 2008) (noting the same); *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001) (holding that district courts lack inherent authority to modify a term of imprisonment without express statutory authorization). Here, the defendant points to no statutory authority for the Court's ability to modify his federal sentence in the manner he requests. The government denies that such authority exists, and the Court has been unable to locate any through its own research. Thus, the Court will deny the defendant's request that the Court modify his sentence in this case.[1]

Second, to the extent the defendant is asking the Court to order that his time served in state custody count toward his federal sentence as well, the Court lacks authority to grant such relief. "[T]he power to grant credit for time served lies solely with the Attorney

---

[1] The government also argues that such a request would in effect constitute a motion to vacate, set aside, or correct the defendant's sentence under 28 U.S.C. § 2255. The government argues that such a motion would be procedurally improper because (1) the defendant has not sought leave from the Sixth Circuit to file a successive § 2255 motion, as required by § 2255(h), and (2) the motion would be untimely under the one-year filing deadline set forth in § 2255(f). The Court need not reach these questions, however, because it finds that the defendant has failed to identify any statutory authority by which the Court might modify his previously imposed sentence.

General and the Bureau of Prisons," not the federal courts. *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001). Moreover, the Court observes that federal law expressly prohibits the double-counting of time served toward state and federal terms of imprisonment. 18 U.S.C. § 3585(b); *see also United States v. Lytle*, 565 F. App'x 386, 392 (6th Cir. 2014) ("Time which has been credited towards service of a state sentence may not be 'double counted' against a federal sentence.").

Third, to the extent the defendant is challenging the manner in which the Bureau of Prisons will calculate his federal sentence, such a claim could be brought only via a habeas petition under 28 U.S.C. § 2241. *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991) (noting that a challenge to the manner of execution of a sentence, rather than the sentence's validity, is cognizable under § 2241); *see also Woody v. Marberry*, 178 F. App'x 468, 471 (6th Cir. 2006) (holding that a challenge to the BOP's calculation of credit for time served in pre-sentencing detention was properly brought under § 2241). But such a petition must generally be filed in the federal district where the defendant is held, *United States v. Garcia-Echaverria*, 374 F.3d 440, 449 (6th Cir. 2004), and the petitioner must also show that he has exhausted his administrative remedies before seeking relief under § 2241, *Graham v. Snyder*, 68 F. App'x 589, 590–91 (6th Cir. 2003). Here, the defendant admits he is currently housed at the Hardeman County Correctional Facility, which lies within the Western District of Tennessee. Further, the defendant gives no indication that he has made any attempt to exhaust his administrative remedies. Thus, even if the defendant intended to seek relief under § 2241, this Court would lack authority to grant such relief.

Accordingly, for the reasons discussed above, the defendant's Motion to Amend and Consolidate Sentences with Pretrial Credits [Doc. 129] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE